Common Pleas Court of Summit County.

WARD v. HOME SAVINGS & LOAN COMPANY.

Decided June 10, 1930.

*Schwab & Heiser,* for defendant Home Savings & Loan Company.

*Bruce W. Bierce,* city solicitor, for defendant City of Cuyahoga Falls.

DOYLE, J.

On September 17, 1929, plaintiff commenced this action to foreclose his second mortgage on the premises involved herein. Said premises are registered lands, and plaintiff, on the same day duly filed with the county recorder a clerk's certificate of pending suit. A memorial of the first mortgage of defendant, the Home Savings & Loan Company, had been filed for entry on the register, on April 4, 1929, in the sum of $5,000. On January 19, 1926, defendant the city of Cuyahoga Falls, by ordinance, levied an assessment for the paving of West Broad street, in

said city, on which street these premises have fifty feet of frontage on the south. The notice of the passage of said ordinance, provided for by Section 8572-56, General Code, however, was not filed with the recorder until January 20, 1930. The total amount of this assessment is $797, payable in installments extending over a period of ten years. On March 19, 1929, the city, by ordinance, levied an assessment for the paving of South Eighteenth street, on which street said premises have 130 feet of frontage on the west. This assessment totals $453.06, payable in installments extending over a ten-year period. The notice of the passage of the South Eighteenth street paving ordinance was filed with the recorder on September 7, 1929. Defendant, the Home Savings & Loan Company, claims that the total amounts of both special assessments are postponed to satisfaction of its mortgage from the proceeds of the sale, and that memorials of neither of the special assessments, nor any part of them, should be carried forward to the new certificate of title to be issued to the purchaser at sheriff's sale. Defendant the city of Cuyahoga Falls, by its cross petition, claims a lien for the special assessments, but admits that delinquent Broad street paving assessments, due and payable prior to December 20, 1929, cannot be paid from the proceeds of the sale. Defendant, the Home Savings & Loan Company, by reply, denies the allegations of the city's cross petition. All taxes and assessments charged against said premises on the tax duplicate have been paid, except those due June 20, 1929, and thereafter. Six annual installments of the Board street paving assessment and nine annual installments of the Eighteenth street paving assessment have not been certified under Section 3892, General Code to the Summit county auditor, by the Cuyahoga Falls city auditor, because not yet due and payable.

The only questions presented are those arising between the defendants, the Home Savings & Loan Company and the city of Cuyahoga Falls, and these questions are:

1. What amount, if any, of special assessments, is to be paid from the proceeds of the sale?

2. What, if any, special assessments are to be carried forward to the new certificate of title to be issued to the purchaser at sheriff's sale?

Defendant, the Home Savings & Loan Company, supports its claim on the ground that, at the time the owner of the fee, defendant Hewitt, obtained his certificate of title, no memorials of special assessment, under Section 8572-56, General Code, had been entered on the register, and that special assessments are not enumerated in the exceptions set forth in Section 8572-25, General Code, evidently on the principle that *Inclusio unius est exclusio alterius.* This court thinks, however, that the provisions of Section 3892, General Code are controlling.

It will be noted that the assessing authorities *"each year* shall certify such assessment to the county auditor." For collection purposes, assessments are placed on the same footing as general taxes, and unless the provisions of Section 8572-56, General Code, have not been complied with, this court thinks that, for lien purposes also, taxes and assessments have the same priority as to registered lands, that is, as to all taxes and as to all assessments not yet due and payable. This is not clearly stated in the statutes, but such must have been the legislative intention. It will be noted that if there is any conflict—and this court does not say there is any—it is resolved in favor of Section 3892, General Code, which was passed in 112 Ohio Laws and became effective June 16, 1927, whereas the provisions of the General Code relating to registration of land titles were enacted in 103 Ohio Laws, and the later statute controls the prior, if there is ambiguity or inconsistency, for that reason among others.

The contention of defendant, the Home Savings & Loan Company, carried to its logical conclusion, would mean that, as to registered lands, a special assessment could never be a lien prior to that of a recorded mortgage, even though, for example, a paving ordinance had not yet been enacted at the time a memorial of a mortgage was entered on the register. This cannot have been the intention of the Legislature, and, as pointed out by counsel

for the city, under Section 5692, General Code, only those installments that are due and payable are to be discharged from the proceeds of the sale. Otherwise, if all assessment installments, even though not yet certified to the county auditor, were to be paid from the proceeds, mortgage security would be impaired.

As to the Eighteenth street assessment, Section 8572-56, General Code, was complied with before any installments thereof became due and payable, and before this suit became *lis pendens,* and consequently all installments due and payable at the time of the sale, with penalty and interest, will be paid from the proceeds, and as to this assessment, the city's contention is upheld *in toto.* As to the Broad street assessment, Section 8572-56, General Code was not complied with until several installments had become due and payable, and until after this suit had become *lis pendens.* Consequently all installments now due and payable, with penalty and interest, will be abated; but the mere fact that this suit was *lis pendens* at the time the memorial of this assessment was entered on the register will not prevent a memorial thereof from being carried forward to the new certificate of title as to installments not yet due and payable, for the reasons herein set forth. As to this assessment, then, the city's contention is only partially upheld, inasmuch as the city claims the 1929 installment should not be abated.

This court is also of the opinion that the case of *Makley* v. *Whitmore,* 61 O. S., 587, especially the third syllabus thereof, is in point, and that its doctrine has not been changed by the enactment of the statutes on registration of land titles, except in cases where Section 8572-56, General Code has not been complied with.

The case of *Mizner* v. *Paul,* 29 O. C. A., 33, has to do with a conflict between the Torrens and mechanic's lien laws, and under the reasoning hereinbefore set forth, it is not in point.

This decision is further supported by considerations of public policy.

As to the Eighteenth street paving assessment, this

court holds that all installments thereof, with penalty and interest, if any, including that installment due and payable June 20, 1930, but not thereafter, shall be paid from the sale proceeds, and that a memorial of said assessments shall be entered on the new certificate of title to be issued.

As to the Broad street paving assessment, all installments thereof, with penalty and interest thereon, if any, including that installment due and payable June 20, 1930, but not thereafter, will be abated, and not be paid from the sale proceeds, but the installments due and payable December 20, 1930, and thereafter, will not be abated, and a memorial of this assessment also will be entered on the new certificate of title to be issued.

The order of distribution will be:

First: To the county treasurer, the general taxes due and payable, and such installments of the Eighteenth street paving assessment as are delinquent and are due and payable, together with penalty and/or interest thereon.

Second: To the clerk of courts, the costs of this suit.

Third: To the defendant, the Home Savings & Loan Company, the amount of its mortgage.

Fourth: The balance, if any, to the plaintiff..

Exceptions given to both defendants, the Home Savings & Loan Company and the city of Cuyahoga Falls.

Counsel will provide a journal entry in accordance with this opinion.